UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLOTTE CORNISH AND PERCY CORNISH** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-173-FJP-DLD** |
| **ALLSTATE INDEMNITY COMPANY** | |

### MAGISTRATE JUDGE'S REPORT

This insurance dispute is before the court on plaintiffs' motion to remand (rec. doc. 6).  On March 2, 1010, plaintiffs filed a petition against defendant in the 21st Judicial District Court, Parish of St. Helena, State of Louisiana, and defendant immediately filed a notice of removal alleging diversity jurisdiction, 28 U.S.C. §1332.  Thereafter, plaintiffs filed a motion to remand, which is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 9).  The issue before the court is whether the amount in controversy was satisfied a the time of removal and whether plaintiffs' post-removal affidavit clarifies the jurisdictional amount sought in the petition.

**Factual Background**

Plaintiffs are the owners of a home located at 131 Melvina Lane, Greensburg, Louisiana, 70441 (rec. doc. 1-3).  On March 2, 2009, a fire occurred at plaintiffs' home resulting in "damages to their residence, damages to the contents of their residence, and damages from the loss of use of their residence." Id.  Plaintiffs' home was covered by a policy of insurance issued by defendant for the period June 5, 2008 to June 5, 2009. Id. Plaintiffs submitted a proof of loss and made a claim for their damages, and defendant tendered

payment for a portion of the damages claimed by plaintiffs.[1]  Id.  Dissatisfied with the partial payment, plaintiffs filed suit against defendant alleging that the damages sustained as a result of the fire were covered under the insurance policy and that defendant was arbitrary and capricious in failing to timely pay their claim. Id.  Plaintiffs seek actual damages, including mental anguish and inconvenience, and statutory penalties, attorneys' fees and costs pursuant to La. R.S. 22:1892 and 22:1973. Plaintiffs also request a trial by jury. Id.

Defendant removed this matter based on diversity jurisdiction, 28 U.S.C. §1332.  Defendant alleges that plaintiffs are citizens of Louisiana and that defendant is foreign insurer, domiciled in Illinois (rec. doc. 1).[2]  Defendant offers evidence indicating that the insurance policy at issue provides coverage for plaintiffs' dwelling in the amount of $197,226 and plaintiffs' contents in the amount of $98,613 and that plaintiffs filed a proof of loss claiming the full policy limits on July 30, 2009 (rec. doc. 10, Exhibit D).[3]  Additionally, defendant offers evidence indicating that in an effort to substantiate their loss, plaintiffs submitted a 63-page Personal Property Inventory Loss Form that specifically identifies the damaged/destroyed contents, totaling $243,409.14 (rec. doc. 10, Exhibit C).  Thus, defendant concludes that plaintiffs' claim satisfies the $75,000 amount in controversy requirement.  Plaintiffs filed a

---

[1] The petition is unclear as to the amount and what portion of the claim was paid prior to the time suit was filed.  It is undisputed that the dwelling claim was paid in full ($197,226), but there is no information indicating when that claim was paid.

[2] Neither plaintiff nor defendant properly allege the citizenship of defendant.  The court notes that in several matters before the court, Allstate Indemnity Company is alleged to be a Illinois corporation with its principal place of business in Illinois.  See 09-860-RET-SCR, 09-816-SCR.  Plaintiff did not challenge defendant's allegations of diversity of citizenship; therefore, the court assumes for purposes of this memorandum that the parties are diverse.

[3] Defendant offers the insurance policy, plaintiffs' proof of loss, and plaintiffs' Personal Property Inventory Form in support of its position that plaintiffs' claims in the petition satisfy the amount in controversy. Plaintiffs' proof of loss indicates that plaintiff seeks to recover an amount totaling $297,161, which includes $197,226 for the dwelling, $98,613 for the contents, and $1,322 for other structures.

motion to remand challenging the amount in controversy.  Attached to plaintiffs' motion to remand is plaintiffs' affidavit in which they state the following:

1. Their residence was insured by Allstate Indemnity Company.
2. On March 2, 2009, a fire occurred at their residence and as a result the residence and the contents were destroyed.
3. Allstate Indemnity Company paid for the structure claim.  However, the contents claims was denied and is the subject of the present lawsuit.
4. The Cornishs seek to recover an amount that does not equal or exceed $75,000.

(rec. doc. 6-2).

Plaintiffs' affidavit is signed by plaintiffs and notarized by their counsel. Id. The motion to remand is opposed and is before the court for a report and recommendation (rec. doc. 6).

### Arguments of the Parties

Plaintiffs argue that this court does not have subject matter jurisdiction over this matter because the amount in controversy requirement is not satisfied (rec. doc. 8).  Plaintiffs state in their motion to remand that they left "the amount in controversy ambiguous [in the petition] and upon further reflection performed after removal realize that their claim can never meet subject matter jurisdiction of the Court of $75,000 and have filed the appropriate Stipulations attached hereto certifying this fact" (rec. doc. 8).  Plaintiffs contend that only the contents claim is at issue in this lawsuit and that they seek to recover an amount that does not equal to or exceed $75,000.

Defendant responds by arguing plaintiffs' claims for loss of contents and for penalties, attorneys' fees, and costs satisfies the amount in controversy requirement (rec. doc. 10). Defendant argues that plaintiffs have made a claim for the full amount of the contents coverage, $98,613, and substantiated their claim by a detailed proof of loss indicating that

plaintiffs' loss of contents actually totals $243,409.14; therefore, the amount in controversy is met. Finally, defendant argues that plaintiffs' affidavit is not a binding stipulation and does not legally bind plaintiffs to seek and recover $75,000 or less. Defendant suggests that if the court decides to remand this matter, it should require plaintiffs to execute a binding stipulation limiting their recovery to less than $75,000.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

The parties do not dispute that diversity of citizenship is satisfied in this matter. The parties do, however, dispute that the amount in controversy was satisfied at the time of removal. The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in

controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; see also *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(citations omitted). If the removing defendant carries this burden, then the case can be remanded only where the plaintiff proves to a "legal certainty" that the amount in controversy does not exceed the $75,000 jurisdictional minium. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995). Plaintiff can satisfy the "legal certainty" burden by (1) identifying a statute prohibiting recovery in excess of $75,000 or (2) by filing a binding stipulation or affidavit with their complaint that limits his recovery. *Id., see also Ditcharo v. United Parcel Service, Inc.*, 2010 WL 1752159 (5th Cir. 2010).

Plaintiffs' petition does not include a specific monetary demand, but does include a demand for damages as a result of a fire that destroyed their home and contents and resulted in loss of use of the home (rec. doc. 1). Plaintiffs petition further indicates that "defendant has paid for some, but not all of the damages sustained by Plaintiffs." Id. Finally, plaintiffs also allege that defendant failed to timely pay their claims, which makes them liable for statutory penalties and attorneys' fees. Id.[4] Although the damages sought by plaintiffs in their petition are likely substantial, the actual amount of plaintiffs' damages is not facially apparent, especially in light of plaintiffs' statement that defendant has partially satisfied plaintiffs' claim.

---

[4] Courts have recently held that statutory penalties and attorneys' fees may be considered in calculating the amount in controversy when the parties present actual facts indicating the propriety of such penalties and indicating why the party is actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D. La. 2007).

In an effort to establish that plaintiffs' claims satisfied the amount in controversy at the time of removal, defendant offers evidence that the plaintiffs' insurance policy limits are $197,226 for the dwelling and $98,613 for the contents and argues that plaintiffs' claims for the full benefits under the policy and for statutory penalties and attorneys' fees satisfied the $75,000 amount in controversy (rec. doc. 1-2).  The insurance policy limits alone, however, are not sufficient to establish the amount in controversy.  When calculating the amount in controversy in a property insurance policy dispute, the court looks to the amount of the claim, as opposed to the limits of the policy.  *Richard v. State Farm Fire and Cas. Ins. Co.*, 2009 WL 1941248 (E.D. La. 2009); see also *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002); *Lee v. Empire Ins.*, et al, 2009 WL 2160437 (E.D. La. 2009).  Additionally, the court was put on notice by plaintiffs' petition that some of the benefits under the insurance policy had been tendered to plaintiffs, prior to filing suit, effectively reducing the actual amount in controversy to an amount less than the policy limits.

Defendant acknowledges that it satisfied plaintiffs' dwelling claim by paying the policy limits in the amount of $197,226.  It is unclear from the record whether the dwelling claim was paid in full prior to or after the time the suit was field.   What is clear, however, is that plaintiffs' contents claim is disputed and is at issue in this matter.  Defendant established the amount of plaintiffs' contents claim by offering plaintiffs' proof of loss wherein they seek the full amount of the contents coverage, $98,613, and plaintiffs' Personal Property Inventory Form, which indicates that their actual loss of contents is valued at $243,409.14.  Thus, defendant has met its burden of proving by a preponderance of the evidence that plaintiffs' contents claim alone (excluding the claim for penalties and attorneys' fees) exceeded the statutory $75,000 jurisdictional minimum.  Plaintiffs now have

the burden of showing by a "legal certainty" that their claim was less than $75,000 at the time of removal.

Plaintiffs offer a post-removal affidavit to prove that their claim is less than the $75,000 jurisdictional minimum. Plaintiffs' sworn statements may not defeat removal by subsequently changing a damage request because post-removal events cannot deprive a court of jurisdiction once it has attached. <u>See</u> *Cresson v. State Farm Fire and Cas. Co.*, 2010 WL 1664001 (E.D. La. 2010), citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F. 2d 559 (5th Cir.1993). A post-removal affidavit stipulating that the claim did not exceed the jurisdictional amount may be used to *clarify* the allegations in the petition. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F. 2d 559 (5th Cir.1993) (emphasis added).

Plaintiffs' affidavit includes conflicting statements that fail to clarify the allegations in the petition. Plaintiffs acknowledge that their home and contents were "destroyed," that they were paid for the structure/dwelling claim, and that the contents claim "is the subject of the present lawsuit" (rec. doc. 6-2). Although plaintiffs state that they "seek to recover an amount that does not equal or exceed $75,000," the petition and the evidence clearly reflect otherwise. In fact, plaintiffs' affidavit seems self-serving in light of the evidence that plaintiffs filed a proof of loss seeking the full benefit under the contents portion of the policy, or $98,613. Even more suspect is the fact that plaintiffs' affidavit fails to mention or consider the value of their claim for penalties and attorneys' fees even though it is clearly alleged in their petition. Plaintiffs' affidavit seeks to change or reduce, not "clarify," the

amount in controversy at the time of removal; therefore, the affidavit cannot be used to defeat diversity jurisdiction. Plaintiffs have failed to meet their burden of proving by a "legal certainty" that their claims do not exceed the jurisdictional minium.

### Conclusion

Defendant proved by a preponderance of the evidence that plaintiffs' contents claim alone satisfies the amount in controversy.  Plaintiffs failed to prove by a "legal certainty" that their claims do not exceed the $75,000 jurisdictional minium.  Thus, the amount in controversy is satisfied, and this court has subject matter jurisdiction over this matter. Accordingly, plaintiffs' motion to remand should be denied.

**IT IS RECOMMENDED** that plaintiffs' motion to remand (rec. doc. 6) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 14, 2010.

MAGISTRATE JUDGE DOCIA L. DALBY

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLOTTE CORNISH AND PERCY CORNISH** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-173-FJP-DLD** |
| **ALLSTATE INDEMNITY COMPANY** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 14, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**